1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2     Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
3  ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
4  mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
5  Costa Mesa, California 92626-1993
Telephone:   714.513.5100
6  Facsimile:   714.513.5130
*(Pro Hac Vice Forthcoming)*
7
QUARLES & BRADY LLP
8  LAUREN ELLIOTT STINE (AZ Bar #025083)
lauren.stine@quarles.com
9  One Renaissance Square
Two North Central Avenue
10  Phoenix, Arizona  85004
Telephone:   602.229.5200
11  Facsimile:   602.229.5690
12  Attorneys for Defendant,
HOME DEPOT USA, INC.
13
14                    IN THE UNITED STATES DISTRICT COURT
15                        FOR THE DISTRICT OF ARIZONA
16
17  Advocates for Individuals with Disabilities, | Case No.
LLC and David Ritzenthaler,
18                          Plaintiff,
19                                  v.
20  HOME DEPOT USA, INC.,
21                      Defendants.
22

**NOTICE OF REMOVAL OF CIVIL
ACTION**

(formerly Maricopa County Superior Court
Case No. CV2016-092150)

23  **TO THE CLERK OF THE COURT, PLAINTIFFS AND PLAINTIFFS'**
24  **ATTORNEYS OF RECORD:**
25         **PLEASE TAKE NOTICE** that defendant Home Depot USA, Inc., (hereinafter
26

QB\39415953.2

1    "Defendant") hereby removes to this Court the state court action described below,

2    pursuant to 28 U.S.C. §§ 1331, 1441, 1443, 1446, and L.R. Civ. 3.6:

3    **I.**    **FILING AND SERVICE OF THE COMPLAINT.**

4        1.    On March 18, 2016, plaintiffs Advocates for American Disabled

5    Individuals, LLC, and David Ritzenthaler ("Plaintiffs") commenced an action in the

6    Superior Court of the State of Arizona for the County of Maricopa (the "State Court"),

7    Case Number CV2016-092150, by filing a Complaint entitled "*Advocates for Individuals*

8    *with Disabilities, LLC, and David Ritzenthaler vs. Home Depot USA Inc.*" (the "State

9    Court Action").

10        2.    Defendant was served a copy of the Complaint on March 23, 2016.

11    Pursuant to L.R. Civ. 3.6, a true and correct copy of the entire State Court Action record,

12    including the Complaint and Summons, is attached hereto as Exhibit "A". Undersigned

13    counsel verifies that Exhibit "A" contains a complete copy of the filings in the State Court

14    Action. A true and correct copy of such Verification is attached here as Exhibit "B".

15        3.    Defendant has not yet responded to the Complaint. To Defendant's

16    knowledge, no other defendant has been served or named. *See Salveson vs. Western*

17    *States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (defendant need not join in or

18    consent to the notice of removal if the nonjoining defendant has not been served with

19    process in the state action at the time the notice of removal is filed.).

20    **II.**    **THIS COURT HAS FEDERAL QUESTION JURISDICTION.**

21        4.    This action is a civil action for which this Court has original jurisdiction

22    pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. §

23    1441(a) and 28 U.S.C. § 1443, in that it appears from the Complaint that Plaintiffs have

24    filed a civil rights action, and their claims are founded on a claim or right arising under the

25    laws of the United States.

26        5.    More specifically, it appears from the Complaint that this is a civil rights

1    action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et*

2    *seq.* (Complaint ¶¶ 26-32).

3    **III.    THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED.**

4        6.    The filing of this Notice of Removal is filed within the time period required

5    under 28 U.S.C. § 1446(a).

6        7.    Defendant will give written notice of the filing of this Notice of Removal to

7    all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of

8    Removal within the State Court, as further required by that Section.  A true and correct

9    copy of the Notice to Adverse Parties and to Superior Court of Removal of Action to

10   Federal Court that has been filed with the State Court is attached as Exhibit "C".

11       8.    Venue is proper in this Court because the action is being removed from the

12   Superior Court in the County of Maricopa.

13       9.    The undersigned counsel for Defendant has read the foregoing and signs the

14   Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as

15   required by 28 U.S.C. § 1446(a).

16       WHEREFORE, Defendant prays that the above action now pending against it in

17   the State Court be removed to this Court.

18       RESPECTFULLY SUBMITTED this 11th day of April, 2016.

19                              SHEPPARD, MULLIN, RICHTER &
                               HAMPTON LLP
20                              A Limited Liability Partnership
                               Including Professional Corporations
21                              650 Town Center Drive, 4th Floor
                               Costa Mesa, California 92626-1993
22
23                              QUARLES & BRADY LLP
                               Renaissance One
24                              Two North Central Avenue
                               Phoenix, AZ  85004-2391
25
                               By */s/ Lauren Elliott Stine*
26                                  Lauren Elliott Stine

-3-                                                QB\39415953.2

1

2

*Attorneys for Defendant HOME DEPOT USA, INC.*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant, and mailed a copy of same to the following if non-registrants, this 11th day of April 2016:

Peter Strojnik
Strojnik P.C.
7373 E. Doubletree Ranch, Suite B-165
Scottsdale, Arizona  85258
*Attorneys for Plaintiff*


/s/ Debra L. Hitchens

QB\39415953.2

# EXHIBIT A

# STROJNIK, P.C.
### ATTORNEY AT LAW
### ADVOCATES FOR AMERICAN DISABLED INDIVIDUALS, LLC

## BY PROCESS SERVER

3/14/2016

HOME DEPOT USA INC
c/o CORPORATION SERVICE COMPANY – Its Statutory Agent
2338 W ROYAL PALM RD STE J
Phoenix, AZ 85021

Re:   *David Ritzenthaler v. HOME DEPOT USA INC*
      *Maricopa County SuperiorCourt*

Dear Sir or Madam:

You are being served with the Summons, Verified Complaint, Certificate of Arbitration and Discovery Request No. 1 in the above captioned matter.

Please forward this package to your insurance company and your legal counsel if you have and or retained such.

I look forward to hearing from you or your legal representative at the earliest opportunity so we may mutualy explore a feasible and economical resolution to this matter.

Please note that all communication regarding all Enforcement Actions are performed solely through email at the following e-mail address: **5230WBaselineRoad@aadi.com**.

Sincerely,

Peter Strojnik

Encls:
1. Summons
2. Verified Complaint
3. Certificate of Arbitration
4. Discovery Request No. 1

7373 E. DOUBLETREE RANCH, SUITE B-165 SCOTTSDALE, AZ 85258
TEL: (774)768-AADI (2234)

1   Peter Strojnik, State Bar No. 6464
    STROJNIK P.C.
2   7373 E. Doubletree Ranch, Ste B-165
    Scottsdale, AZ 85258
3   Telephone: (774) 768-2234
    Case Specific Email Address:
4   5230WBaselineRoad@aadi.org

5
6   Attorneys for Plaintiff

7           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8              IN AND FOR THE COUNTY OF MARICOPA

9

10  Advocates for Individuals with Disabilities,
    LLC, and David Ritzenthaler,                    Case No:
11                                                            CV2016-092150
12                    Plaintiff,
                                                     SUMMONS
13
14  vs.                                    IF YOU WANT THE ADVICE OF A
                                           LAWYER, YOU MAY WISH TO CONTACT
15  HOME DEPOT USA INC                     THE LAWYER REFERRAL SERVICE AT
                                                  602-257-4434 OR ON-LINE AT
16                    Defendants.          WWW.LAWYERFINDERS.ORG. LRS IS
                                           SPONSORED BY THE MARICOPA
17                                         COUNTY BAR ASSOCIATION

    TO THE ABOVE NAMED DEFENDANT(S):

18  YOU ARE HEREBY SUMMONED and required to appear and defend, within the time
19  applicable, in this action in this Court. If served within Arizona, you shall appear and
    defend within 20 days after the service of the Summons and Complaint upon you,
20  exclusive of the day of service. If served out of the State of Arizona – whether by direct
21  mail, by registered or certified mail, or by publication – you shall appear and defend
    within 30 days after the service of the Summons and Complaint upon you is complete,
22  exclusive of the day of service. When process is served upon the Arizona Director of
23  Insurance as an insurer's attorney to receive service of process against it in this State, the
    insurer shall not be required to appear, answer or plead until the expiration of 40 days of
24  such service upon the Director. Service by registered or certified mail without the State
25  of Arizona is complete 30 days after the date of filing the receipt and affidavit of service
    with the Court. Service by publication is complete 30 days after the date of first
26  publication. Direct service by mail is complete when made. Service upon the Arizona
    Motor Vehicle Superintendent is complete 30 days after the Affidavit of Compliance and
27  return receipt of Officer's Return. **RCP 4.1 and 4.2; A.R.S. §§ 20-222, 28-502, 28-503.**

28

1   **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend
    within the time applicable, judgment by default may be rendered against you for the
2   relief demanded in the Complaint. **YOU ARE CAUTIONED** that in order to appear
    and defend, you must file an Answer or proper response in writing with the Clerk
3   of the Court, accompanied by the necessary filing fee, within the time required, and
    you are required to serve a copy of any Answer or Response upon Plaintiff's
4   attorney, or if Plaintiff is not represented by counsel, upon Plaintiff.

5   A request for reasonable accommodations for persons with disabilities must be made to
6   the division assigned to the case by the parties at least three (3) days before the scheduled
7   court proceeding.

8                    The name and address of Plaintiff is:

9   Advocates for Individuals with Disabilities, LLC and David Ritzenthaler
                     7373 E. Doubletree Ranch, Ste B-165  COPY
10                       Scottsdale, AZ 85258

11
    SIGNED AND SEALED this date: _____ MAR 1 8 2016
12
13                                          MICHAEL K. JEANES, CLERK
                                               V. MARTINEZ
14                                             DEPUTY CLERK

15                                  _____
                                    Clerk of Court
16

17

18

19

20

21

22

23

24

25

26

27

28

                                          2



COPY

MAR 1 8 2016

MICHAEL K JEANES, CLERK
V. MARTINEZ
DEPUTY CLERK

1   Peter Strojnik, State Bar No. 6464
    **STROJNIK P.C.**
2   7373 E Doubletree Ranch, Suite B-165
    Scottsdale, AZ 85258
3   Telephone: (774) 768-2234
    Case Specific Email Address
4   5230WBaselineRoad@aadi.org
5   Attorneys for Plaintiff

6           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7              IN AND FOR THE COUNTY OF MARICOPA

8

9   ADVOCATES FOR INDIVIDUALS
10  WITH DISABILITIES, LLC, and David          Case No:
    Ritzenthaler, dealing with Plaintiff's sole
11  and separate claim,                         CV2016-092150
12                  Plaintiff,                   **CERTIFICATE OF
                                                 ARBITRATION**
13
14  vs.
15  HOME DEPOT USA INC
16                  Defendant.

17

18      The above cause is not subject to compulsory arbitration.

19      RESPECTFULLY SUBMITTED this 3/14/2016.

20                                  **STROJNIK P.C.**

21                                  Peter Strojnik (6464)

22

23

24

25

26

27

28

COPY

MAR 1 8 2016

MICHAEL K. JEANES, CLERK
V. MARTINEZ
DEPUTY CLERK

1  Peter Strojnik, State Bar No. 6464
2  **STROJNIK P.C.**
   7373 E Doubletree Ranch, Suite B-165
3  Scottsdale, AZ 85258
   Telephone: (774) 768-2234
4  Case Specific Email Address:
   5230WBaselineRoad@aadi.org
5
6  Attorneys for Plaintiff

7  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8  **IN AND FOR THE COUNTY OF MARICOPA**

9

10 ADVOCATES FOR INDIVIDUALS
   WITH DISABILITIES, LLC, and David    Case No.  CN2015-092150
11 Ritzenthaler, dealing with Plaintiff's sole
12 and separate claim,                  **VERIFIED COMPLAINT**

13          Plaintiff,                  (Civil Rights)

14 vs.                                  and

15 HOME DEPOT USA INC                   **REQUEST FOR TRIAL BY JURY**
16
17          Defendant.

18     Plaintiff alleges:

19                          **PARTIES**

20  1. Plaintiff, David Ritzenthaler, currently resides in Scottsdale, Arizona. Plaintiff is
21     and, at all times relevant hereto, has been legally disabled. Plaintiff is recognized
22     by the State of Arizona as a member of a protected class under §§41-1492 et seq.
23     and its implementing regulations, R10-3-401 et seq. ("AzDA") and by the United
24     States Congress under 42 U.S.C. § 12102(2); the regulations implementing at 28
       CFR §§ 36.101 et seq. ("ADA") and therefore has the right of equal access to
25     commercial facilities. Plaintiff's right(s) as a member of the protected class have
26
27     been violated.
28

2.    Defendant, HOME DEPOT USA INC, owns and/or operates a business located at 5230 W Baseline Road Laveen AZ 85339 ("Commercial Facility") which is a commercial facility as defined in A.R.S. § 41-1492 and 42 U.S.C. § 12181.

**JURISDICTION**

3.    This Court has original jurisdiction over the AzDA claims by virtue of A.R.S. §§ 12-123 and 41-1492.8 and concurrent jurisdiction over the ADA claims by virtue of A.R.S. § 12-123 and Article 6, Section 14(1) of the Arizona Constitution gives the superior court original jurisdiction of "[c]ases and proceedings in which exclusive jurisdiction is not vested by law in another court."

**INTRODUCTION**

4.    David Ritzenthaler brings this action against Defendant, alleging violations of AzDA, Article 8, Chapter 10 of Title 41 of the Arizona Revised Statutes, A.R.S. §§ 41-1492 *et seq.* and its implementing regulations, R10-3-401 et seq. and the ADA, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and its implementing regulations 28 CFR §§ 36.101 *et seq.* Plaintiff suffers from disability as this term is defined in A.R.S. §41-1492(6) and interpreted pursuant to A.R.S. §41-1492.12. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, disabled individuals. Specifically, Defendant's Commercial Facility has barriers of access to disabled individuals by virtue of inadequacy of handicapped parking spaces, insufficient designation or signage and or insufficient disbursement of such parking spaces, notwithstanding that such modifications are readily achievable. Therefore, Plaintiff seeks a declaration that Defendant's Commercial Facility violates State and Federal law and an injunction requiring Defendant to install means of access in compliance with ADA requirements so that the Defendant's Commercial Facility is fully accessible to, and independently usable, by, disabled individuals.

5.    Plaintiff further requests that, given Defendant's historical failure to comply with the AzDA's and the ADA's mandate, the Court retain jurisdiction of this matter, for a period to be determined, to ensure that Defendant comes into compliance with the relevant requirements of the AzDA and the ADA, and to ensure that Defendant

2

has adopted, and is following, an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

6.    According to 510-3-404, all places of public accommodations and commercial facilities must comply with the 2010 Standards (as defined in R-10-3-401(1)) and the provisions of 28 CFR 36.101 through 36.104, 36.201 through 36.206, 36.208, 36.211, 36.301 through 36.311, and 36.507.

7.    In compliance with R10-3-405(H)(1), Plaintiff's address is c/o Peter Strojnik, Plaintiff's attorney, 7373 E. Doubletree Ranch, Suite B-165, Scottsdale, AZ 85258.

<u>**REAL PARTY IN INTEREST**</u>

8.    Plaintiff is the real party in interest pursuant to ARCP Rule 17(a) (" a party authorized by statute may sue in that person's own name") and A.R.S. § 41-1492.08 (C) ("A person may file a civil action in superior court not later than two years after the occurrence or the termination of an alleged discriminatory public accommodation practice...")

<u>**ALLEGATIONS COMMON TO ALL COUNTS**</u>

9.    Plaintiff has a State issued handicapped license plate and or placard granting Plaintiff the right to park in properly designated handicapped parking spaces.

10.    On or about 2/17/2016, Plaintiff became aware that there were insufficient handicapped parking spaces, insufficient designation or signage and or insufficient disbursement of such parking spaces in order to provide the "shortest accessible route from parking to an entrance", specifically but not limited to violation of the 2010 ADA Standards of Accessibility Design 502.6 in that it fails to include a sign with the International Symbol of Accessibility complying with 703.7.2.1, and violation of the 2010 ADA Standards of Accessibility Design §§216.5 and 502.6 in that it fails to identify van parking spaces by the designation "van accessible". Therefore, Plaintiff and others similarly situated are not permitted equal access.

11.    Plaintiff attaches US Department of Justice Business Brief relating to restriping of parking lots, Exhibit 1, and US Department of Justice ADA Design Guide 1 as Exhibit 2 in order to aid non-compliant commercial facilities with compliance.

3

12.     Plaintiff has actual knowledge of at least one barrier related to Plaintiff's disability as alleged in the preceding paragraph. Consequently, Plaintiff and others similarly situated are currently deterred from visiting Defendant's Commercial Facility by this accessibility barrier. Therefore, Plaintiff has suffered an injury-in-fact for the purpose of standing to bring this action. Upon information and belief, there are other potential violations and barriers to entry that will be discovered and disclosed during the discovery and disclosure process.

13.     Without the presence of adequate handicapped parking spaces, sufficient designation or signage and or sufficient disbursement of such parking spaces, Plaintiff's disability prevents Plaintiff and other disabled persons from equal enjoyment of the Defendant's Commercial Facility.

14.     Plaintiff and other disabled persons have the right be able to visit Defendant's Commercial Facility in the future, for business, pleasure, medical treatment or other commercial purposes and utilize Defendant's Commercial Facility with adequate parking, sufficient designation or signage and sufficient disbursement of such parking spaces for the disabled, and remedies of other existing AzDA and ADA violations.

15.     As a result of Defendant's non-compliance with the AzDA and the ADA, Plaintiff will avoid and not visit Defendant's Commercial Facility in the future unless and until all AzDA and ADA violations have been cured.

16.     The existence of barriers deters Plaintiff and other disabled persons from conducting business or returning to Defendant's Commercial Facility. Upon information and belief, other disabled persons are also deterred from visiting there or otherwise precluded from frequenting Defendant's Commercial Facility due to its non-compliance with the AzDA and the ADA

17.     As a result of Defendant's non-compliance with the AzDA and the ADA, Plaintiff and others similarly situated, unlike persons without disabilities, are denied equal access.

18.     Upon information and belief, though Defendant may have centralized policies regarding the management and operating of its Commercial Facility, Defendant

4

does not have a plan or policy that is reasonably calculated to make its entire facility fully accessible to and independently usable by, disabled individuals.

19.   Plaintiff's agents verified that Defendant's Commercial Facility lacks the mandatory elements required by the 2010 Standards to make it fully accessible to and independently usable by disabled people.

20.   As a disabled person, Plaintiff has a keen interest in whether commercial facilities are fully accessible to, and independently usable by, the disabled, specifically including an interest in ensuring that parking spaces comply with the 2010 Standards.

21.   Plaintiff, or an agent of Plaintiff, intends to return to Defendant's Commercial Facility to ascertain whether it remains in violation of the AzDA and the ADA.

22.   Plaintiff and other disabled persons have been injured by Defendant's discriminatory practices and failure to remove architectural barriers. These injuries include being deterred from using Defendant's facilities due to the inaccessibility and or insufficient designation of appropriate parking.

23.   Without injunctive relief, Plaintiff and other disabled persons will continue to be unable to independently use Defendant's Commercial Facility under the ADA.

24.   Plaintiff shall seek to amend the Verified Complaint upon further inspection of Defendant premises for the purpose of alleging additional violations, if any.

### COUNT ONE
#### (Violation of AzDA and ADA and Negligent Compliance)

25.   Plaintiff incorporates all allegations heretofore set forth.

26.   Defendant has discriminated against Plaintiff and other disabled persons in that it has failed to make its Commercial Facility fully accessible to, and independently usable by, individuals who are disabled, in violation of AzDA, Article 8, Chapter 10 of Title 41 of the Arizona Revised Statutes, A.R.S. §§ 41-1492 *et seq.* and its implementing regulations, R10-3-401 et seq. and the ADA, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and its implementing regulations 28 CFR §§ 36.101 *et seq.*

27.   Upon information and belief, Plaintiff alleges that Defendant attempted to comply with all laws including the AzDA and the ADA, but that his attempts were negligent and fell short of strict compliance. Defendant has a duty to Plaintiff and other disabled persons to comply with the AzDA and the ADA and to do so in a non-negligent manner. Defendant's negligence has caused harm and damage to Plaintiff.

28.   Defendant has discriminated against Plaintiff and other disabled persons in that it has failed to remove architectural barriers to make its Commercial Facility fully accessible to, and independently usable by individuals who are disabled in violation of the AzDA and the ADA and, particularly, 42 U.S.C. §12182(b)(A)(iv) and Section 208.2 of the 2010 Standards, as described above. Compliance with the requirements of section 208.2 of the 2010 Standards would neither fundamentally alter the nature of Defendant's Commercial Facility nor result in an undue burden to Defendant.

29.   Compliance with AzDA and the ADA is readily achievable by the Defendant due to the low costs. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

30.   Conversely, the cessation of compliance with the ADA law is also readily achievable by redrawing the parking spaces to its original configuration and or changing signage back to the same. Therefore, injunctive relief should issue irrespective of Defendant's potential voluntary cessation pursuant to the Supreme Court's announcement in *Friends of the Earth* case[3].

---

[3] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000):

> It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

6

31.    Defendant's conduct is ongoing. Plaintiff invokes Plaintiff's statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees, both pursuant to statute and pursuant to the Private Attorney General doctrine.

32.    Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the AzDA and ADA that are discussed above, Defendant's non-compliance with the AzDA and ADA' mandatory requirements may be or are likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.   A Declaratory Judgment that, at the commencement of this action, Defendant was in violation of the specific requirements of AzDA and the ADA described above, and the relevant implementing regulations of the AzDA and the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Commercial Facility was fully accessible to, and independently usable by, disabled individuals;

b.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) requiring Defendant to comply with  Sections 208.2 of the 2010 Standards, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its Location is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit, expenses and attorney's fees;

d.   Irrespective of Defendants "voluntary cessation" of the AzDA and ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in

7

compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[4] in an amount no less than $5,000.00; and,

e. Order closure of the Defendant's Commercial Facility until Defendant has fully complied with the ADA; and

f. A finding that Defendant's attempts to comply with the AzDA and the ADA were negligent, causing damage; and

g. Damages pursuant to A.R.S. §41-1492.09(B); and

h. The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 3/14/2016.

STROJNIK P.C.

Peter Strojnik (6464)
7373 E. Doubletree Ranch, Suite B-165
Scottsdale, AZ 85258
Attorneys for Plaintiff

## VERIFICATION COMPLIANT WITH R10-3-405

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 3/14/2016.

/S/ David Ritzenthaler
Electronic Signature Authorized
David Ritzenthaler

---

[4] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

8

1    Peter Strojnik, State Bar No. 6464
     **STROJNIK P.C.**
2    7373 E Doubletree Ranch, Suite B-165
     Scottsdale, AZ 85258
3    Telephone:  (774) 768-2234
     Case Specific Email Address
4    5230WBaselineRoad@aadi.org

5

6    Attorneys for Plaintiff

7           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8              **IN AND FOR THE COUNTY OF MARICOPA**

9

10   Advocates for Individuals with Disabilities,
     LLC, and David Ritzenthaler,              Case No:    CV2016-092150
11
12                  Plaintiff,                  **DISCOVERY REQUEST NO 1**
13
14   vs.
15   HOME DEPOT USA INC,
                        Defendants
16

17   **TO: DEFENDANT(S)**

18                   **INSTRUCTIONS FOR USE**

19
20   A. All information is to be divulged which is in the possession of the individual or
        corporate party, his attorneys, investigators, agents, employees or other representatives
21      of the named party.

22   B. When an individual interrogatory calls for an answer which involves more than one
        part, each part of the answer should clearly set out so that it is understandable.
23
24   C. When the terms "you", "Plaintiff" or "Defendant" are used, they are meant to include
        every individual party and include your agents, employees, your attorneys, your
25      accountants, your investigators, anyone else acting on your behalf. Separate answers
        should be given for each person named as the party, if requested.
26
27   D. When the term "document" is used, it is meant to include every "writing", "recording"
        and photograph" as those terms are defined in Rule 1001, Ariz. R. Evid.
28

E.  Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

F.  Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

G.  Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meeting, conferences and other written or verbal exchanges which relate to the contract.

H.  Where the term "ADA" is used, it refers to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and its implementing regulations 28 CFR §§ 36.101 et seq.

I.  Where the term "AzDA" is used, it refers to A.R.S. §§ 41-1492 et seq.  and its implementing regulations, R10-3-401 et seq.

J.  Where the term "Standards" is used, it refers to 2010 Standards of Accessibility Design promulgated by the United States Department of Justice.

K.  Where the term "Commercial Facility" is used it refers to the facility referenced in the Verified Complaint, its management and ownership.

Pursuant to Arizona Rules of Civil Procedure, Rules 26 through 37, please provide the following discovery:

## UNIFORM CONTRACT INTERROGATORIES

Please answer Uniform Contract Interrogatories 1, 2, 4, 5, 6, 7, 8, 9, 10 and 11.

## REQUESTS FOR ADMISSIONS

1.  Admit that the commercial facility which is the subject matter of the Verified Complaint was in violation of the AzDA, the ADA and the Standards.

ADMIT _____          DENY_____

2.  Admit that the commercial facility which is the subject matter of the Verified Complaint does not have policies regarding the operation and management of the Commercial Facility.

ADMIT_____          DENY_____

2

3. Admit that the Commercial Facility which is the subject matter of the Verified Complaint does not have a plan or policy that is reasonably calculated to make its entire commercial facility fully accessible to and independently usable by disabled individuals.

ADMIT _____          DENY _____

**NON-UNIFORM CONTRACT INTERROGATORIES**
**(If spaces provided below are insufficient to fully disclose requested information, please attach additional sheets referencing the proper interrogatory)**

1. If you did not unconditionally admit each of the Requests for Admission above, please state all facts and legal considerations for your denial.

2. Please describe all actions you or anyone on your behalf have/has taken since 1991 to comply with the AzDA, the ADA and the Standards.

3

1

2

3

4

5

6

7

8

9

10  3.  Please describe in detail any actual or suspected non-compliance of the Commercial

11      Facility with the AzDA, the ADA or the Standards.

12

13

14

15

16

17

18

19

20

21

22

23

24  4.  Please identify the person or entity responsible for the Commercial Facility's

25      compliance with the AzDA, the ADA and the Standards.

26

27

28

4

1
2
3
4
5
6
7    5.  Please identify by name, address, telephone number, e-mail address any and all tenants
8        who rent or lease space at the Commercial Facility.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24              **REQUEST FOR PRODUCTION OF DOCUMENTS**
25
26   1.  Please produce any and all policies regarding the operation and management of the
27       Commercial Facility, including, without limitation, any plan or policy that is
28

5

reasonably calculated to make its entire commercial facility fully accessible to and independently usable by disabled individuals.

2. Please produce any and all architectural drawings, plats, maps and schematics for the Commercial Facility.

3. Please produce any and all rental or lease agreements for any space within the Commercial Facility effective on the date of the filing of the Verified Complaint until the present. Further produce all rental/lease applications and financial records of each renter or tenant.

4. If you claim that compliance with the AzDA, the ADA and/or the Standards is not readily achievable, please produce your complete financial records for the 5 years preceding the issuance of this Discovery Request No 1. These records include, without limitation, tax records, profit and loss statements, income statements, bank statements, credit applications,

   RESPECTFULLY SUBMITTED this 3/14/2016.

   **STROJNIK P.C.**

   Peter Strojnik (6464)
   Attorneys for Plaintiff

STROJNIK P.C.
2415 E. Camelback Road
Phoenix, AZ 85016
Peter Strojnik SBN 6464



FILED
3/24/16 1:19PM
MICHAEL K. JEANES, Clerk
By_____
Deputy



ORIGINAL

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Advocates for Individuals with Disabilities, ) 
LLC, and David Ritzenthaler, )

                     Plaintiff, )

vs. )

HOME DEPOT USA INC, )

                     Defendants. )

**NO: CV2016-092150**

**DECLARATION OF SERVICE
BY A PRIVATE PROCESS SERVER**

       I, Russell D. Hoffman, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS; DISCOVERY REQUEST NO. 1; VERIFIED COMPLAINT AND REQUEST FOR TRIAL BY JURY; CERTIFICATE OF ARBITRATION

       In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

       Service was made upon HOME DEPOT USA INC, (5230 W. Baseline Property) by leaving documents with Corporation Service Company (statutory agent) at 2338 W. Royal Palm Road Suite J Phoenix, AZ on March 23, 2016 at 2:20 pm. *Note: Nicole Beach (service of process coordinator) accepted service.

Description: Approx. Height: 5"- 6"; Race: White Hair: Brown Eyes: Blue Approx. Age: 42

DATED: 3/23/16

RUSSELL D. HOFFMAN

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: Miles to service     29.00
Service             1 x 16.00
Doc Prep          1 x 10.00
Rush Fee          00.00
Total              55.00 Flat Rate

Rush Hour Legal Service
P.O. Box 30997
Mesa, AZ 85275-0997
(480)-797-9483



1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   GREGORY F. HURLEY, Cal. Bar No. 126791
3  ghurley@sheppardmullin.com
   MICHAEL J. CHILLEEN, Cal. Bar No. 210704
4  mchilleen@sheppardmullin.com
   650 Town Center Drive, 4th Floor
5  Costa Mesa, California 92626-1993
   Telephone:   714.513.5100
6  Facsimile:    714.513.5130
   *(Pro Hac Vice Forthcoming)*
7
   QUARLES & BRADY LLP
8  LAUREN ELLIOTT STINE (AZ Bar #025083)
   lauren.stine@quarles.com
9  One Renaissance Square
   Two North Central Avenue
10 Phoenix, Arizona 85004
   Telephone:   602.229.5200
11 Facsimile:    602.229.5690
12 Attorneys for Defendant,
   HOME DEPOT USA, INC.
13

14                IN THE UNITED STATES DISTRICT COURT
15                   FOR THE DISTRICT OF ARIZONA
16

17 Advocates for Individuals with Disabilities,    Case No.
   LLC and David Ritzenthaler,
18                                                 **VERIFICATION OF LAUREN**
                 Plaintiff,                        **ELLIOTT STINE IN SUPPORT OF**
19                                                 **DEFENDANT'S NOTICE OF**
                                                   **REMOVAL OF CIVIL ACTION**
20        v.
                                                   (formerly Maricopa County Superior
21 HOME DEPOT USA, INC.,                           Court Case No. CV2016-092150)

22                Defendants.

23

24     LAUREN ELLIOTT STINE hereby declares as follows:

25     1.    My name is Lauren Elliott Stine.  I am an attorney in the law firm of

26 Quarles & Brady LLP.  I am counsel of record for Defendant Home Depot USA, Inc.

QB\39432763.1

1  (hereinafter, "Defendant") in the above-captioned action.  This Declaration is offered in

2  support of Defendant's Notice of Removal of Action and is based on my personal

3  knowledge.

4       2.     In accordance with 28 U.S.C. § 1446(a) and L.R. Civ. 3.6(b), Defendant has

5  filed a true and complete copy of all pleadings and other documents that were previously

6  filed with the Maricopa County Superior Court, contemporaneously with the filing of

7  Defendants' Notice of Removal of Action.

8       I declare under the penalty of perjury that the foregoing is true and correct.

9       DATED this 11th day of April, 2016.

10

11                                             _____

12                                    Lauren Elliott Stine

13

14

15

16

17

18

19

20

21

22

23

24

25

26



| From: | TurboCourt Customer Service |
|---|---|
| To: | Hitchens, Debra L. (PHX x3518) |
| Subject: | E-Filing Status: Form Set # 1766452 Delivered |
| Date: | Monday, April 11, 2016 5:50:02 PM |

PLEASE DO NOT REPLY TO THIS EMAIL.

AZTurboCourt Form Set # 1766452 has been DELIVERED to Maricopa County.

You will be notified when your documents have been processed by the court.

You MUST log in and check your filing status online at http://turbocourt.com/.

Here are your filing details:
Case Number: CV2016-092150 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: Advocates For Individuals With Disabilities L L C,
Filed By: Debra L Hitchens
AZTurboCourt Form Set: #1766452
Keyword/Matter #: 460788.00002
Delivery Date and Time: Apr 11, 2016 5:49 PM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)


Attached Documents:
Notice of Removal to Federal Court: Notice to Adverse Parties and to Superior Court of Removal of Action to Federal Court

Fees Paid:

Total Filing Fees: $0.00
Provider Fee: $6.00
Total Amount Paid: $6.00

If you have questions about your filing, please contact AOC Support Services, phone number 602-452-3519 or 1-800-720-7743, or e-mail pasupport@courts.az.gov. Please have your AZTurboCourt Form Set # available.

To view the link above:
Click on the link OR
1) Highlight the website address "URL" above, then Right Click on highlighted "URL" and select Copy.
2) Open a NEW internet browser window.
3) Right Click inside the address field in the new internet browser window and select Paste.

Thank you for using TurboCourt!

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:    714.513.5100
Facsimile:    714.513.5130

*(Pro Hac Vice Forthcoming)*

QUARLES & BRADY LLP
LAUREN ELLIOTT STINE (AZ Bar #025083)
lauren.stine@quarles.com
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona  85004
Telephone:    602.229.5200
Facsimile:    602.229.5690

Attorneys for Defendant,
HOME DEPOT USA, INC.

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Advocates for Individuals with Disabilities, LLC and David Ritzenthaler,<br><br>   Plaintiff,<br><br>   v.<br><br>HOME DEPOT USA, INC.,<br><br>   Defendants. | Case No. CV2016-092150<br><br>**NOTICE TO ADVERSE PARTIES AND TO SUPERIOR COURT OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>(Assigned to the Honorable David Udall) |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD AND TO THE**

**CLERK OF THE MARICOPA COUNTY SUPERIOR COURT:**

   **PLEASE TAKE NOTICE THAT** a Notice of Removal of this action was filed in

QB\39417779.2

1 | the United States District Court of Arizona by Defendant Home Depot USA, Inc. on
2 | April 11, 2016, along with a copy of all pleadings served upon Defendant.

3 | A copy of said Notice of Removal (without exhibits) is attached to this Notice and
4 | is served and filed herein as Exhibit "1." The original Notice of Removal has been filed
5 | with the United States District Court of Arizona.

6 | Pursuant to 28 U.S.C. § 1446(d), the filing of said Notice of Removal in the United
7 | States District Court, together with the filing of this Notice to Adverse Parties and to the
8 | Superior Court of Removal to Federal Court, effects removal of this action. Accordingly,
9 | the Court may proceed no further in this action unless and until this case is remanded to
10 | this Court from the United States District Court. Defendant further certifies that Plaintiffs
11 | have been notified of this removal and served with a copy of this Notice.

12 | RESPECTFULLY SUBMITTED this 11th day of April, 2016.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391


By */s/ Lauren Elliott Stine*
   Lauren Elliott Stine

*Attorneys for Defendant HOME DEPOT USA, INC.*

-2-

QB\39417779.2

1    ORIGINAL of the foregoing
     electronically filed this 11th day of
2    April, 2016, with the Maricopa County
     Superior Court

3
     Copy of the foregoing hand-delivered
4    this 11th day of April, 2016, to:

5    The Honorable David Udall
     Maricopa County Superior Court - SE
6    222 East Javelina Avenue
     Mesa, Arizona  85210

7
     Copy of the foregoing mailed this
8    11th  day of April, 2016, to:

9    Peter Strojnik
     Strojnik P.C.
10   7373 E. Doubletree Ranch, Suite B-165
     Scottsdale, Arizona  85258
11   *Attorneys for Plaintiff*

12
     */s/ Debra L. Hitchens*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

QB\39417779.2