Peter Strojnik,
State Bar No. 6464
40 North Central Ave
Suite 1400
Phoenix, Arizona 85004
Telephone: (774)768-2234
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| ADVOCATES FOR INDIVIDUALS WITH DISABILITIES, LLC AND DAVID RITZENTHALER,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.,<br><br>Defendants. | Case No. 2:16-CV-01002-ROS<br><br>**PROPOSED JOINT CASE MANAGEMENT PLAN** |

At the Rule 26(f) Case Management Meeting, the parties discussed and developed a Proposed Joint Case Management Plan as follows:

**1. The nature of the case, including the factual and legal bases of plaintiff's claims and defendant's defenses:**

    a. Plaintiffs claim that Plaintiff Ritzenthaler is a member of a protected class of persons with disabilities pursuant to §§41-1492 et seq. and its implementing regulations, R10-3-401 et seq. ("AzDA") and pursuant to 42 U.S.C. § 12102(2); the regulations implemented thereunder at 28 CFR §§ 36.101 et seq. ("ADA"). Plaintiffs claim that Plaintiff Ritzenthaler's right of equal access to public accommodations has been violated by Defendant's failure to comply with said legislation and regulation.

    b. Defendant claims that Plaintiff has yet to prove that he is a member of a protected class of persons with disabilities. Plaintiffs further assert that

Plaintiff's rights were not violated, and that the twenty-six (26) affirmative defenses set forth in Defendant's Answer are valid and applicable.

**2. A list of the elements of proof necessary for each count of the Complaint and each affirmative defense and, if applicable, each counterclaim/crossclaim**:

Plaintiff's Claims:

    a.  That Plaintiff Ritzenthaler is a disabled individual; and

    b.  That Defendant is a place of public accommodation; and

    c.  That Defendant's place of public accommodation is non-compliant, with respect to Plaintiff's disability, with the legislation referenced in ¶1(a) above.

Defendant's Affirmative Defenses:

    a.  <u>Lack of Standing</u>. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

    b.  <u>Effective Access/Equivalent Facilitation</u>. 2010 ADA § 103; *Rapp v. Lawrence Welk Resort*, 2013 WL 358268, *3 (S.D. Cal. 2013); *Kohler v. In-N-Out Burgers*, 2:12-CV-05054, *3 (C.D. Cal. Oct. 15, 2012); *Oliver v. In-N-Out Burgers*, 3:12-CV-00767 (C.D. Cal. Jan. 16, 2013); *Kohler v. Islands*, 280 F.R.D. 567(S.D. Cal. 2012); *Kohler v. BBB*, 2012 WL 424377, *2 (C.D. Cal. 2012); *Kohler v. Big 5 Corp.*, 2012 WL 1511748, *4 (C.D. Cal. 2012).

    c.  <u>Not Readily Achievable</u>. 42 U.S.C. § 12181.

    d.  <u>Structurally Impracticable</u>. ADAAG § 4.1.1.

    e.  <u>Maximum Extent Feasible</u>. 28 C.F.R. §36.402.

    f.  <u>Alternative Methods</u>. 42 U.S.C. 12182.

    g.  <u>Local Building Officials/Architects</u>. *Kohler v. Islands*, 280 F.R.D. 560, 569-570 (S.D. Cal. 2012); *Kohler v. BBB*, 2012 WL 424377, *2 (C.D. Cal. 2012); *Rapp v. Lawrence Welk Resort*, 2013 WL 358268, *6 (S.D. Cal. 2013).

      h. <u>Unclean Hands</u>. *Rapp v. Lawrence Welk Resort*, 2013 WL 358268, *6 (S.D. Cal. 2013); *Kohler v. Islands*, 280 F.R.D. 560, 571 (S.D. Cal. 2012); *Kohler v. BBB*, 2012 WL 424377, *2 (C.D. Cal. 2012); *Figueroa v. Baja Fresh*, 2012 WL 2373254, *3 (C.D. Cal. 2012); *Angelucci v. Century Supper Club*, 41 Cal.4th 160 (2007); *Pickern v. Chico Steakhouse, LP*, 2013 WL 4051640, *5 (E.D. Cal. 2013); *Vogel v. Linden Optometry APC*, 2013 WL 1831686 (C.D. Cal. 2013); *Lynn v. Duckel*, 46 Cal.2d 845, 850 (1956) (elements); *Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal.App.4th 970, 978 (1999).

      i. <u>Technically Infeasible</u>. 2010 ADA § 106.5.

      j. <u>Undue Burden/Fundamental Alteration</u>. 28 C.F.R. § 36.104; 42 U.S.C. § 12182.

      k. <u>Mootness</u>. *Martinez v. Longs Drug Stores Corp.*, 2008 WL 2329712 (9th Cir. 2008); *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, 1130 (E.D. Cal. 2002); *Wilson v. PFS*, 2007 WL 2429391 (S.D. Cal. 2007).

      l. <u>Dimensional Tolerances</u>. 2010 ADA §104.

**3. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motion:**

Plaintiff's Position: None.

Defendant's Position: Whether Plaintiff is a member of a protected class of persons with disabilities, whether his rights were violated, and whether his claims are barred or minimized by the affirmative defenses set forth in the Answer are all factual and/or legal issues in dispute. Some of these issues may be narrowed by way of a motion for summary judgment filed by Defendant.

**4. The jurisdictional basis of the case, citing specific statutes:**

28 USC §§1331, 1441 and 1446.

**5.    Parties, if any, which have not been served as well as parties which have not filed an answer or appearance.**

NA

**6.    The names of parties not subject to the Court's jurisdiction.**

NA

**7.    Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions and hearings, including evidentiary hearings pursuant to Daubert and/or Fed.R.Evid. 702:**

Plaintiff's Position:  Plaintiffs anticipate filing a Motion for Summary Judgment regarding Defendant's violation of ADA and AzDA.

Defendant's Position: Defendant anticipates filing a Motion for Summary Judgment on these same issues.

**8.    Whether the case is suitable for reference to a United States Magistrate Judge for all further proceedings or to a special master:**

Plaintiff's Position: The case **is** suitable for reference to United States Magistrate Judge for all further proceedings.

Defendant's Position:  Defendant elects to keep this case before a United States District Court Judge.

**9.    The status of related cases pending before other judges of this Court or before other courts.**

Plaintiff's Position: None.

Defendant's Position: Plaintiff has filed a related case against Home Depot, involving a separate location and independent alleged violations.   That action is captioned at CV-16-01003-PHX-GMS

**10.    Suggested changes, if necessary, in the timing, form, or requirements for disclosures under Rule 26(a), Fed.R.Civ.P., including a statement of when Initial Disclosures were made or will be made**:

Plaintiff's Position: Initial Disclosures to be exchanged no later than 10 days following the entry of Scheduling Order.

Defendant's Position: Initial Disclosures to be exchanged no later than 10 days following the entry of Scheduling Order.

**11.    Suggested changes, if any, in the limitations on discovery imposed by Fed.R.Civ.P. 30, 31 and 33:**

None.

**12.    The scope of discovery, the date discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused on particular issues:**

Plaintiff's Position:

    a.  The scope of discovery should include the factual inquiry into the initially alleged violations of ADA and AzDA **and** the factual discovery of any other violations pursuant to *Doran v. 7-Eleven*, 524 F.3d 1034 9th Cir. 2008) (plaintiff need only allege one instance of ADA violation to achieve standing, but is permitted to then challenge other ADA violations found in the course of discovery). Upon discovery of additional violations, if any, the Complaint is to be amended to allege all such newly discovered violations.

    b.  The discovery should be completed within six months following the entry of the Scheduling Order.

Defendant's Position: The scope of discovery should encompass all facts and legal issues identified in the pleadings. Defendant does not see a need to conduct discovery in phases, or to limit discovery. Discovery should be completed by December 17, 2016.

**13.    Date for final supplementation of all discovery to be completed:** January 17, 2017.

**14.    In addition to the deadlines mentioned above, the proposed deadlines for:**

    a.  **disclosure of experts and testimony under Rule 26(a)(2):** October 17, 2016.

    b.  **filing dispositive motions:** February 17, 2017.

    **c. lodging the Joint Proposed Pretrial Order:**

      i. If dispositive motions are filed, then 1 month following the Court's ruling on such.

      ii. If dispositive motions are not filed, then February 17, 2017.

**15.** **Estimated date the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial:**

 a. **Trial readiness:** May 2017.

 b. **Length of Trial:** 2-3 days

**16.** **Whether a jury trial has been requested:**

         Yes

**17.** **The prospects for settlement, including any request for a settlement conference before another United States District Judge or a United States Magistrate Judge, or other request for Court assistance in settlement efforts:**

 This case could potentially settle short of trial. The parties request a settlement conference before a United States Magistrate Judge.

**18.** **In class actions, the proposed dates for class certification proceedings and other class management issues:**

         NA

**19.** **Whether any unusual, difficult or complex issues exist which would require the case be placed on the complex track for case management purposes:**

         No.

**20.** **Any other matters which counsel believe will aid the Court in resolving the dispute in a just, speedy, and cost-efficient manne**r.

 Plaintiff's Position: The parties believe that a settlement conference before a Magistrate Judge early in the case will be helpful for the following reasons: The case is rather uncomplicated and both parties are currently aware of the factual and legal issues and the likely resolution of such issues. Further, in an ADA case, a prevailing Plaintiff is entitled to attorney's fees, costs and expenses while a prevailing Defendant is entitled to fees, costs and expenses only under

1  extraordinary circumstances that are not present here. Therefore, it is in both
2  parties' interest to minimize the expenses of litigation early in the case.
3       Defendant's Position: N/A.
4       DATED this 7th day of June, 2016.

**STROJNIK P.C.**

_____
Peter Strojnik (6464)
Attorneys for Plaintiffs


SHEPPARD, MULLIN, RICHTER & HAMPTON
GREGORY F. HURLEY, Cal. Bar No. 126791
(Pro Hac Vice Forthcoming)
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
(Pro Hac Vice Forthcoming)
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:   714.513.5100
Facsimile:    714.513.5130

and

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004
Telephone:  (602) 229-5200

By   */s/ Lauren Elliott Stine*
        Lauren Elliott Stine

Attorneys for Defendant

SMRH:477973971.1
QB\460788.00002\40205990.1
-7-