Peter Strojnik, State Bar No. 6464
**Strojnik P.C.**
1 East Washington St.
Suite 500
Phoenix, AZ 85004

Fabian Zazueta, State Bar No. 032687
**Advocates for Individuals with Disabilities**
40 North Central Ave
Suite 1400
Phoenix, AZ 85004
Telephone: (774) 768-2233
fabian@aid.org
5230WBaselineRd@aaid.org

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities, LLC, et al, | Case No: 2:16-CV-01002-ROS |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR CONSOLIDATION** |
| vs. | |
| HOME DEPOT USA, INC., | |
| Defendant. | |

Plaintiffs Advocates for Individuals with Disabilities and David Ritzenthaler ("Plaintiffs"), by and through undersigned counsel, hereby submit their Response to the Motion for Consolidation filed by Defendant Home Depot USA, Inc. ("Defendant") pursuant to F. R. Civ. P. 42 and D. Ariz. LRCiv 42.1. This Response is supported by the following Memorandum of Points and Authorities.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant correctly cites to both the relevant Federal Rule and the relevant Local Rule governing transfer and/or consolidation of cases pending before the United States Dictrict Court for the District of Arizona. However, Defendant's motion fails to follow the standards of the appropriate rules in light of the different and distinct plaintiffs, defendants, dates, and locations of occurrences. Common attorneys and common legal violations do not satisfy the standard of actions involving "a common question of law or fact" to consolidate the cases pursuant to F.R.Civ.P. 42, nor do the factors discussed in the Motion satisfy the standards to transfer of "substantially the same transaction, event, property or party", pursuant to D.Ariz. LRCiv 42.1.

## I.  The Four Cases Involve Differences of Fact

### a.  Each Case involves a different Date.

The violations giving rise to each law suit occurred on different dates in half of the cases Defendant cites to. The dates that the violations occurred in each case are as follows:

- Advocates for Individuals with Disabilities LLC and David Ritzenthaler v. Home Depot USA, Inc., 2:16-CV-01002-ROS ("Lawsuit 1") - violations occurred on February 17th, 2016. Doc. 1, Complaint 1 at ¶10).

- Advocates for Individuals with Disabilities, LLC and David Ritzenthaler v. Home Depot USA, Inc., Case No. 2:16-cv-01003-GMS ("Lawsuit 2") – violations occurred on February 17, 2016. Doc. 1, Complaint 2 at ¶10.

- Advocates for Individuals with Disabilities, LLC and David Ritzenthaler v. HD Development of Maryland, Inc., Case No. 2:16-cv-01704-SPL ("Lawsuit 3") – violations occurred on March 15, 2016. Doc. 1, Complaint 3 at ¶10.

1
2
3

- <u>Advocates for Individuals with Disabilities Foundation, Inc. v. Home Depot USA, Inc.</u>, Case No. 2:16-cv-02149-NVW ("Lawsuit 4") – violations occurred on March 17, 2016. Complaint 4 at ¶23.

4

"When two or more cases are pending before different Judges, a party in any of

5

those cases may file a motion to transfer the case or cases to a single judge on the ground

6

that the cases: (1) arise from substantially the same transaction or event . . . ." LRCiv

7
8

42.1(a).  This is not the case here. Defendant puts forth no proof that each cause of action

9

arose out of the same transaction or event. The fact that two violations occurred on the

10

same day do not automatically mean that the cases arises from the same transaction or

11

occurrence as required under the applicable rules.

12
13

**b.  Each case involves a different location.**

Not one of the cases that the Defendant lists for consolidation occurred at the same

14
15

location. The locations that each case involves are as follows:

16
17

- Lawsuit 1: 5230 W. Baseline Road, Laveen, Arizona 85339. Doc. 1, Complaint 1 at ¶¶2, 4).

18
19

- Lawsuit 2: 16803 N. Tatum Blvd., Scottsdale, AZ 85032. Doc. 1, Complaint 2 at ¶¶2, 4.

20
21

- Lawsuit 3: 650 N. 54th Street, Chandler, AZ 85226. Doc. 1, Complaint 3 at ¶¶2, 4.

22
23

- Lawsuit 4: 2530 E. Germann Road, Chandler, AZ 85286. Doc. 1, Complaint 4 at ¶¶2, 4.

24

These facts alone are in stark contrast to what the applicable rule requires. Local

25

rule 42.1 states that a party may move for transfer to s a single judge if ". . . (2) involve

26

substantially the same parties or property." LRCiv 42.1(a). Obviously, none of these cases

27
28

3

involve the same properties as illustrated above. As their address illustrate, two of the properties listed are not even in the same city as the other two properties.

### c. The Four Cases Involve Different Parties

#### i. Case No. 2:16-CV-02149-NVW Involves a Plaintiff Unique to the Other Three Cases

Lawsuits 1, 2, and 3 name Advocates for Individuals with Disabilities and David Ritzenthaler as the Plaintiffs. Notably, Lawsuit 4 involves a difference of named plaintiffs. Specifically, plaintiff David Ritzenthaler is not a party to Lawsuit 4. Doc. 1, Pl's Compl.

D. Ariz. LRCiv 42.1(a)(2) requires substantially the same parties to transfer. It would be error for a court to order a plaintiff to participate in a trial of which he is not a named party.

#### ii. Lawsuit 3 Involves a Defendant Unique to the Other Three Cases.

Lawsuit 1, 2, and 4 all involve the same Defendant, Home Depot USA Inc. Notably, Case 3 involves a different defendant, HD Development of Maryland Inc. Doc. 1, Compl.

D. Ariz. LRCiv 42.1(a)(2) requires substantially the same parties to transfer. It would be error for a court to order a defendant to participate in a trial of which he is not a named party.

### d. Different Facts Occur in The Actions, and Thus, Could Require A Different Analysis and Interpretation of the Applicable Laws.

In its Motion, Defendant inaccurately states that "all four Lawsuits involve parking lots serving Home Depot stores and allege the same type of violation – the failure to have proper van accessible parking signs." Doc. 25, Def.'s Mot. 6:6-7.

Lawsuit 3, Plaintiffs alleged that Defendant's the parking lot failed "to identify van parking spaces by the designation 'van accessible' **and or fail[ed] to maintain the**

4

**minimum height of 60 inches above the finish floor or ground surface measured to the bottom of the sign.**" (emphasis added.) Doc. 1, Complaint 3 at ¶10; Doc. 25 Def.'s Mot. at 4:13-16. Lawsuits 1,2 and 4 do not allege this violation.

In Lawsuit 3, not only will this Court or a jury be required to determine whether the parking lot failed to identify van parking with adequate signage, but this Court or a jury will have to determine questions of law involving not only the height of the sign from the bottom of the finished floor, but also how "finished floor" is defined for purposes of measuring the sign height.

Defendant urges this Court to find that just because lawsuits involve laws that arise under the same act or statutes, they must automatically call for a determination of substantially the same questions of law and analysis. This could not be further from the truth and these cases clearly demonstrate this.

Lastly, because discovery has not yet commenced in these cases, it is unknown yet whether additional issues may arise that would otherwise make these cases ineligible for consolidation. *See also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008) (plaintiff need only allege one instance of ADA violation to achieve standing, but is permitted to then challenge other ADA violations found in the course of discovery). Upon discovery of additional violations, if any, the Complaint is to be amended to allege all such newly discovered violations.

**II. Conclusion**

Defendant's only persuasive arguments are that the named cases involve common attorneys on each side and that each distinct event at each distinct location involved a violation of law arising under the same Federal and State acts and or statutes. Defendant's

key arguments do not meet the standard for consolidation, that the actions involve common questions of law or fact. Therefore, Plaintiffs respectfully request this Court deny Defendant's Motion for Consolidation.

RESPECTFULLY SUBMMITTED this _____ day of _____, 2016.

**STROJNIK P.C.**

_____

Peter Strojnik (6464)
Attorney for Plaintiffs

**ADVOCATES FOR INDIVIDUALS WITH DISABILITIES**

/s/ Fabian Zazueta
Fabian Zazueta
Attorney for Plaintiffs

1

**CERTIFICATE OF SERVICE**

2

3        I hereby certify that on August 3, 2016, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
4    Notice of Electronic Filing to all CM/ECF registrants.

5

6

7

8    /s/ Alex Callan

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28