1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   GREGORY F. HURLEY, Cal. Bar No. 126791
3  ghurley@sheppardmullin.com
   MICHAEL J. CHILLEEN, Cal. Bar No. 210704
4  mchilleen@sheppardmullin.com
   650 Town Center Drive, 4th Floor
5  Costa Mesa, California 92626-1993
   Telephone:  714.513.5100
6  Facsimile:   714.513.5130

7  QUARLES & BRADY LLP
   LAUREN ELLIOTT STINE
8  lauren.stine@quarles.com
   One Renaissance Square
9  Two North Central Avenue
   Phoenix, Arizona  85004
10 Telephone:  602.229.5200
   Facsimile:   602.229.5690

11

12 Attorneys for Defendants,
   HOME DEPOT USA, INC. and
13 HD DEVELOPMENT OF MARYLAND,
   INC.

14

15              IN THE UNITED STATES DISTRICT COURT

16                 FOR THE DISTRICT OF ARIZONA

17 | Advocates for Individuals with | Case No. 2:16-CV-01002-ROS
18 | Disabilities, LLC and David | **HOME DEPOT USA, INC. AND HD**
   | Ritzenthaler, | **DEVELOPMENT OF MARYLAND**
19 | | **INC.'S PARTIAL OPPOSITION TO**
   |          Plaintiff, | **PLAINTIFFS' MOTION TO**
20 | | **REMAND**
   |       v.
21
   | HOME DEPOT USA, INC.,
22
   |          Defendants. | **Courtroom:  504**
23

24

25

26

1    **PARTIAL OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

2    Plaintiffs filed these consolidated lawsuits in state court alleging violations of

3    the ADA and the AZDA.  Defendants timely removed these lawsuits to federal

4    court based on federal question jurisdiction.  Now, over 8 months later, Plaintiffs

5    seek to have all of their claims remanded back to state court – *including the ADA*

6    *claims* – because they admittedly lack Article III standing and state courts have

7    concurrent jurisdiction.

8    The Court should reject Plaintiffs' attempt to remand their ADA claims.

9    Instead, they should be dismissed **with prejudice** since Plaintiffs concededly lack

10    standing.  Defendants had the right to remove these lawsuits to federal court based

11    on federal question jurisdiction and have the right to have the federal claims

12    adjudicated in federal court.  It is black letter that concurrent jurisdiction in state

13    courts cannot possibly defeat removal and the right to have federal claims heard in

14    federal court.

15    "If a federal statute does not prohibit removal, concurrent jurisdiction is not a

16    bar to removal and is not grounds for remand to state court." *Weinstein v. Paul*

17    *Revere Ins. Co.*, 15 F.Supp.2d 552, 559 (D. New Jersey 1998).  "The law is clear

18    that a grant of concurrent jurisdiction between federal and state courts does not

19    render an action filed in state court nonremovable." *Nguyen v. U.S. Dept. of*

20    *Agriculture*, 1996 WL 492310, *1 (E.D. La. 1996). "The grant of concurrent

21    jurisdiction is insufficient to bar removal." *LaMonica v. Guardian Life Ins. Co. of*

22    *America*, 1997 WL 80991, *3 (D. New Jersey 1997).

23    Indeed, under well-established law, district courts lack discretion to remand a

24    case that was properly removed.  "A district court lacks discretion to remand a case

25    to the state court if the case was properly removed.  *Carpenters S. Cal. Admin.*

26    *Corp. v. Majestic Housing*, 743 F.2d 1341, 1343 (9th Cir. 1984)." *Stevens ex rel.*

*Maxymuik v. Moore*, 2015 WL 1637953, *1 (E.D. Cal. 2015).  "That state courts have concurrent jurisdiction over the plaintiff's action does not defeat the defendant's right of removal.  Nor does the existence of such jurisdiction provide this court with the discretion to disregard Greyhound's choice to exercise its right of removal."  *Huber v. Greyhound Lines, Inc*., 926 F.Supp.821, 822 (E.D. Wis. 1996).

The following case is illustrative.  In *Steve v. CSX Transp. Inc.*, 940 F.Supp.1222 (N.D. Ill. 1996), the plaintiff filed a lawsuit in state court alleging violations of the ADA.  The defendant removed to federal court.  The plaintiff moved to remand because state courts had concurrent jurisdiction.  The court rejected the plaintiff's argument out of hand:

> "The plaintiff first argues that the removal to federal court was somehow invalid because the state courts have concurrent jurisdiction over the ADA.  Clearly, in a majority of jurisdictions, absent a specific statutory language to the contrary, concurrent jurisdiction does not bar removal."

*Id.* at 1224.

In this case, there is no basis to remand Plaintiffs' ADA claims.  Defendants properly removed these consolidated lawsuits and have every right to have the ADA claims adjudicated in federal court.  If Plaintiffs wanted to stay in state court then they simply did not have to assert any ADA claims.  The Court must dismiss the ADA claims **with prejudice** since Plaintiffs concede that they lack standing

Defendants have no objection to the Court declining supplemental jurisdiction over Plaintiffs' AZDA claims and remanding them back to state court once the ADA claims are dismissed with prejudice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391

By /s/ Michael J. Chilleen
        Michael J. Chilleen

*Attorneys for Defendant HOME DEPOT USA,
INC.* and HD DEVELOPMENT OF
MARYLAND, INC.

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that I electronically transmitted the attached document to the

3  Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

4  Electronic Filing to the following CM/ECF registrant, and mailed a copy of same to

5  the following if non-registrants, this 16th day of November 2016:

6          Peter Strojnik
           Strojnik P.C.
7          One East Washington Street, Suite 500
           Phoenix, Arizona  85004
8          *Attorneys for Plaintiff*

9

10

/s/Carrie Strand
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26