Peter Strojnik,
State Bar No. 6464
1 East Washington Street
Suite 500
Phoenix, Arizona 85004

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities, LLC, and David Ritzenthaler,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT USA, INC.,<br>Defendant. | Case No: 2:16-CV-01002-ROS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND** |

Plaintiffs Advocates for Individuals with Disabilities, LLC and David Ritzenthaler ("Plaintiffs"), by and through undersigned counsel, hereby submit their Reply in Support for Motion to Remand.

### I.    Remand of All Causes of Action is Appropriate.

Defendant's response mischaracterizes the underlying facts of this Action and their arguments for partial dismissal are unavailing. First, Defendant erroneously contends that Plaintiffs are challenging the removability of their causes of action in that "concurrent jurisdiction in state courts cannot possibly defeat removal and the right to have federal claims heard in federal court". *See* Def.'s Response, pg. 2.  On the contrary, Plaintiffs concede that removal was proper for all intents and purposes of the instant motion and Reply. Therefore, with respect to the removability of this Action and reasonableness thereof, Defendant arguments are unavailing.

Second, Defendant contends "under well-established law, district courts lack discretion to remand a case that was properly removed." *Id*. In its motion, Defendant cites

to *Carpenters S. Cal. Admin. Corp. v. Majestic Housing*, 743 F.2d 1341, 1343 (9th Cir. 1984) for the premise that a district court lacks discretion to remand a case to the state court if the case was properly removed. *See* Def.'s Response, pg. 2. The court in *Carpenters* focused on the district court's decision on subject matter jurisdiction and whether the district court correctly concluded that the appellant's claim arose under federal law. *Id*. at 1343. This is not the issue in the instant Action. It is unequivocally clear that Plaintiff's bring their claims under the Americans with Disabilities Act (federal law) and the Arizonans with Disabilities Act (state law). *See generally* Pl.'s Compl.

Moreover, Defendant's reliance on *Stevo v. CSX Transp. Inc.* is misguided. In *Stevo*, the plaintiff presented two arguments for remand: (1) the case was improperly removed because the state courts have concurrent jurisdiction over his ADA claims and (2) that because plaintiff and defendant were currently litigating similar causes of action in state court, the court should abstain from judgment. *Stevo v. CSX Transp. Inc.*, 940 F.Supp 1222, 1224 (N.D. Ill. 1996). The court held that "plaintiff's arguments that removal was improper because the state courts have concurrent jurisdiction is unpersuasive . . . [and] the court finds no basis for abstention under the *Colorado River* doctrine." *Id*. at 1226.

Here, once again, Plaintiff's do not challenge the removability of its Action. Also, Plaintiffs do not contend that the reason remand is appropriate is because the Arizona state courts have concurrent jurisdiction. *Cf Id.*  Plaintiffs contend that remand is appropriate pursuant to the removal statute, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be remanded." 28 U.S.C.A. § 1447(c). The Supreme court has cast doubt on the possibility of dismissal for lack of standing, noting that the literal words of §1447(c), on their face, give no discretion to dismiss rather than remand an action. *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (citing *Main Assn of Interdependent Neighborhoods v. Commissioner, Main Dept. of Human Services*, 876 F.2d 1051, 1054 (1st Cir. 1989).

Lastly, in remanding this Action, the Court should not dismiss the federal ADA claims because state courts have concurrent jurisdiction over those claims and the state courts may decide Plaintiffs have sufficient standing to pursue them. *See Yellow Freight*

*Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990) ("we conclude that Congress did not divest the state courts of their concurrent authority to adjudicate [civil actions brought under Title VII of the Civil Rights Act of 1964]"); *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) ("State courts have concurrent jurisdiction over ADA claims"); *Jones v. Illinois Cent. R. Co.*, 859 F. Supp. 1144, 1145 (N.D. Ill. 1994) (interpreting *Yellow Freight*, "it necessarily follows that the state courts have concurrent jurisdiction over ADA claims as well"); *Krouse v. Am. Sterilizer Co.*, 872 F. Supp. 203, 205 (W.D. Pa. 1994) ("it appears to be solidly established that state courts have concurrent jurisdiction over ADA cases").

Defendant states "[i]f plaintiffs wanted to stay in state court then they simply did not have to assert any ADA claims. *See* Def.'s Response, pg. 3. Assuming, *arguendo*, undersigned counsel does not pursue ADA claims, as Defendant suggests. Undersigned counsel is then placed in a position of possible malpractice for not alleging all viable causes of action against Defendant's non-compliant place of public accommodation. Further, a state court, as stated above, does have the power to adjudicate a federal ADA claim. Accordingly, the fallacy in Defendant's argument should not be given any deference.

## II.    Conclusion[1]

Defendant's partial opposition to Plaintiffs' Motion to Remand presents arguments irrelevant to the underlying facts of this Action. Remand of all causes of action is appropriate and Plaintiff's respectfully request the Court enter an order remanding Plaintiffs' entire Action to the Arizona state courts.

/ / /

/ / /

/ / /

---

[1] Upon information and belief, it appears that the intent of Defendant's partial opposition is that it wants to subsequently file a motion for attorneys' fees as the alleged prevailing party on the ADA claims. While the argument of attorneys' fees was not addressed in Plaintiff's Motion to Remand or Defendant's Partial Opposition, Plaintiffs respectfully request the Court deny any motion or application filed by defendant in the interest of judicial economy.

RESPECTFULLY SUBMITTED this 23rd day of November, 2016.


**STROJNIK P.C.**

_____
Peter Strojnik (6464)
Attorney for Plaintiffs


**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of November, 2016, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:


Gregory F. Hurley, Esq.
Michael J. Chilleen, Esq.
Sheppard, Mullin, Richter & Hampton LLP
Ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

Lauren Elliot Stine, Esq.
Quarles & Brady LLP
Lauren.stine@quarles.com


/s/ Alex Callan