# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals With Disabilities LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Home Depot USA Incorporated, et al., <br><br> Defendants. | No. CV-16-01002-PHX-ROS <br><br> **ORDER** |

Conceding they do not have standing under Article III of the United States Constitution to pursue their claims in federal court, Plaintiffs seek remand of both their federal and state claims to state court. Defendants agree Plaintiffs lack standing but argue the lack of standing should result in a dismissal with prejudice of Plaintiffs' federal claims. In line with existing authority, the Court will remand all claims.

## BACKGROUND

During the past year, Plaintiffs' counsel has filed hundreds of almost identical suits in the Maricopa County Superior Court. Those suits involve claims against businesses for having insufficient handicapped spaces or insufficient signs marking the handicapped spaces. The suits assert claims under the federal Americans with Disabilities Act ("ADA") as well as the Arizonans with Disabilities Act ("AzDA").

In these four consolidated cases, Plaintiffs are a mixture of a limited liability company, an individual, and a corporation identified as a "non-profit foundation." There is no explanation why some complaints were filed on behalf of certain plaintiffs while

others were filed on behalf of different plaintiffs. But the cases are otherwise identical, each involving an ADA claim as well as an AzDA claim. Plaintiffs filed these cases in state court but Defendants removed all four pursuant to 28 U.S.C. § 1331 alleging federal jurisdiction existed based on the ADA claims.

Upon arriving in federal court, the four cases were consolidated, with the case having the lowest case number identified as the lead case. In the case management plan filed in the lead case, Defendants raised "lack of standing" as a possible affirmative defense they would pursue. (Doc. 14 at 2). At the scheduling conference on June 17, 2016, the issue of Plaintiffs' standing was discussed very briefly. During that discussion, Plaintiffs indicated that if Defendants made any formal challenge to their standing, Plaintiffs would "simply amend the complaint[s] to allege third party standing." Defendants did not make any formal challenge to Plaintiffs' standing, Plaintiffs did not amend their complaints, and the parties proceeded with discovery.

On November 2, 2016, Plaintiffs filed a motion to remand, apparently seeking remand of all four cases. (Doc. 41). In that motion, Plaintiffs conceded they lack standing to pursue their claims in federal court but argued their lack of standing should not lead to dismissal of their claims. Instead, Plaintiffs argued the "Court should remand <u>all</u> causes of action including Federal ADA claims and State AZDA claims" because state courts do not have strict standing requirements and Plaintiffs might be able to pursue their claims in state court. (Doc. 41 at 3). Defendants responded to that motion by arguing the Court should remand the cases only upon dismissal of the ADA claims "**with prejudice** since Plaintiffs concededly lack standing." (Doc. 43 at 2).

### ANALYSIS

Because the parties agree Plaintiffs lack Article III standing to pursue their claims in federal court, the only dispute is the exact form the order remanding the cases should take. Plaintiffs argue the Court should remand both the ADA and AzDA claims while Defendants argue the ADA claims should be dismissed with prejudice and only the AzDA claims remanded. Defendants' request for a dismissal with prejudice of the ADA

claims cannot be granted because "Article III standing is a species of subject matter jurisdiction." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011). And a "dismissal for lack of subject matter jurisdiction [should be] without prejudice." *Missouri ex rel. Koster v. Harris*, 842 F.3d 658, 668 (9th Cir. 2016). Thus, even if the Court were inclined to dismiss the ADA claims, those dismissals would have to be without prejudice. Accordingly, the real dispute is whether the ADA claims should be dismissed without prejudice and the cases remanded or if the cases should be remanded without the dismissal of any claim.

Judges in this district have reached different results in similar cases once Plaintiffs' lack of standing becomes clear. One judge concluded Plaintiffs' lack of standing meant the ADA claim should be dismissed and the AzDA claim remanded. *Advocates for Individuals with Disabilities Found. Inc. v. Russell Enterprises Inc.*, No. CV-16-02380-PHX-JAT, 2016 WL 7187931, at *3 (D. Ariz. Dec. 12, 2016). Another judge concluded a remand of both the ADA and AzDA claims was appropriate because "state courts have concurrent jurisdiction over" the ADA claim "and the state courts may decide Plaintiffs have sufficient standing to pursue" the ADA claim. *Advocates for Individuals With Disabilities LLC v. WSA Properties LLC*, No. CV-16-02375-PHX-DGC, 2016 WL 5436810, at *10 (D. Ariz. Sept. 29, 2016). This latter approach is correct.

By statute, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit recently addressed this language in the context of a removed case where the district court had determined the plaintiff lacked standing. In that case, the district court dismissed the case instead of remanding it to state court. The Ninth Circuit reversed, concluding that when a court discovers the plaintiff in a removed case lacks standing, "the district court generally *must* remand the case to state court, rather than dismiss it." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). In such circumstances, "[r]emand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter.

- 3 -

State courts are not bound by the constraints of Article III." *Id.*

The *Polo* case involved only state-law claims, meaning the Ninth Circuit's decision directing the case be remanded did not send a federal claim to state court. But the reasoning in *Polo* did not depend on the nature of the underlying claim. That is, the logic of *Polo* requires remand whether the underlying claim is brought under state or federal law. The parties have not cited, and the Court has not located, Ninth Circuit authority applying such a rule and directing remand of a federal law claim. But other circuits have explicitly done so, sometimes commenting on the strangeness of sending a federal claim to state court. For example, the Seventh Circuit noted "[w]hile some consider it odd that a state court might have the authority to hear a federal constitutional claim in a setting where a federal court would not, it is clear that Article III's 'case or controversy' limitations apply only to the federal courts." *Smith v. Wisconsin Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994) (citation omitted). *Accord City of Kansas City, Mo. v. Yarco Co.*, 625 F.3d 1038, 1041 (8th Cir. 2010) (remanding entire case, including federal claim); *Roach v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996) (remanding entire case, including § 1983 claim); *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs.*, 876 F.2d 1051, 1053 (1st Cir. 1989) (remanding case, including federal claim, because "Maine's standing rules are somewhat more liberal" than federal rules). Based on this recognition that even federal claims must be remanded in some circumstances, and pursuant to 28 U.S.C. § 1447(c), both the ADA and AzDA claims will be remanded to state court.[1]

Accordingly,

---

[1] The Ninth Circuit recognizes § 1447(c) does not require remand "where there is absolute certainty that remand would prove futile." *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991) (quotation marks and citation omitted). But it is undisputed Arizona courts have the power to waive standing in certain circumstances. *Bennett v. Brownlow*, 119 P.3d 460, 462 (Ariz. 2005) (Arizona courts may "waive the standing requirement . . . on rare occasions"). And while Arizona courts may choose not to waive the standing requirement in the present cases, it is not "absolutely certain[]" how the state court will resolve the issue. The futility exception, therefore, does not apply.

1 **IT IS ORDERED** the Motion to Remand (Doc. 41) is **GRANTED** and the Clerk
2 of Court shall **REMAND** CV-16-1002, CV-16-1003, CV-16-1704, and CV-16-2149 to
3 the Maricopa County Superior Court.
4    Dated this 13th day of January, 2017.

_____
Honorable Roslyn O. Silver
Senior United States District Judge